```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

OPEN INNOVATION LLC,              *

    Plaintiff,                    *

vs.                               *
                                        CASE NO. 4:11-CV-16 (CDL)
CHAR-BROIL, LLC, and W.C.         *
BRADLEY CO.,
                              *

    Defendants.
                                      *

<u>O R D E R</u>

Plaintiff brought this *qui tam* action under 35 U.S.C. § 292, alleging that Defendants engaged in false patent marking. Defendants assert that Plaintiff's Complaint fails to state a claim on which relief can be granted. The Court agrees with Defendants and grants Defendants' renewed Motion to Dismiss (ECF No. 39).

### MOTION TO DISMISS STANDARD

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  "[A] formulaic recitation of the elements of a cause of action will not do[.]"  *Id.*  Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id.* at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable,'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## FACTUAL ALLEGATIONS

Defendants produce, manufacture, market, distribute, and sell "outdoor cooking products and accessories," including "consumer barbeque grills and grill accessories."  Compl. ¶¶ 7, 9, 15, ECF No. 1.  Defendants "include within the packaging of each cooking product" a product guide, which "identifies the associated product model and lists a number of patents."  *Id.* ¶ 16.  Each product guide is also available in digital form on Char-Broil's website.  *Id.* ¶ 17.  Each product guide states that the associated grill product is protected under "one or more" of approximately 100 U.S. patents.  Plaintiff alleges that nearly

half of those patents are either expired or inapplicable to the grill products. *Id.* ¶¶ 18-19, 123-24.

For example, Plaintiff alleges that the product guide for the grill with product number 463250510 lists U.S. Patent Nos. 6,640,803, D456,222, and D456,223—as well as a host of other patents—in the patent notice. *Id.* ¶ 18. Plaintiff further alleges that U.S. Patent No. 6,640,803 claims an "outdoor fireplace" and not a grill (*id.* ¶¶ 26-27) and that U.S. Patent Nos. D456,222 and D456,223 claim ornamental designs of a "Fork with Ergonomic Handle" and a "Spatula with Ergonomic Handle," respectively. (*id.* ¶¶ 69-72, 126). Plaintiff also alleges that Defendants lacked a reasonable basis to believe that all of the listed patents applied to the grill products and that "[t]here can be no innocent explanation of Defendants['] mismarking given the numerous instances of mismarking . . . and the obvious irrelevance of the patents so-mismarked." *Id.* ¶¶ 125-27.

Plaintiff contends that Defendants engaged in mismarking under 35 U.S.C. § 292 by "(1) causing a digital copy of the periodically updated product guides to be publicly accessible via the Char-Broil website at www.charbroil.com since at least January 2001, and (2) causing a physical copy of the periodically updated product guides to be included within the packaging of each of the Char-Broil Grills since at least September 2008." *Id.* ¶ 137. Plaintiff does not allege that

3

Defendants fixed an inapplicable or expired patent number directly on any of the grill models listed in the Complaint.

Finally, Plaintiff alleges: "On information and belief, Defendants are large and sophisticated companies that regularly employ and retain multiple individuals familiar with the requirements of 35 U.S.C. § 292." *Id.* ¶ 128. Plaintiff alleges, "on information and belief," that several of Defendants' employees were, by virtue of their positions, "either aware of, created, participated in the creation of, approved, and/or ratified Char-Broil's practice of marking its Char-Broil Grills with numerous expired and/or inapplicable patent numbers" and "knew that the inapplicable patents do not cover and could not be read to cover the Char-Broil Grills." *Id.* ¶¶ 133-34.

## DISCUSSION

Defendants contend that Plaintiff's Complaint fails for three reasons. First, Defendants assert that Plaintiff's Complaint does not satisfy the heightened pleading requirement of Federal Rule of Civil Procedure 9(b). Second, Defendants argue that Plaintiff cannot state a claim for false patent marking based on the marking in the product guides. Third, Defendants maitain that even if marking in the product guides can constitute false patent marking, Plaintiff's claims fail because Plaintiff did not sufficiently allege that Defendants

4

had intent to deceive. As discussed in more detail below, the Court finds that Plaintiff failed to allege sufficiently an intent to deceive. Accordingly, the Court need not address Defendants' other bases for dismissal.

Under 25 U.S.C. § 292(a), "[w]hoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public . . . [s]hall be fined not more than $500 for every such offense." 35 U.S.C. § 292(a). "The two elements of a § 292 false marking claim are (1) marking an unpatented article and (2) intent to deceive the public." *Forest Grp., Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009). Even if the Court were to assume that the Complaint adequately alleges "marking an unpatented article," the Complaint does not adequately allege "intent to deceive the public."

In the false marking context, "the combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public." *Pequignot v. Solo Cup Co.*, 608 F.3d 1356, 1362-63 (Fed. Cir. 2010); *accord Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005). Knowledge of the falsity can be proved by showing "that the party accused of false marking did not have a reasonable belief that the articles were properly

marked." *Clontech*, 406 F.3d at 1353. Although "knowledge" and "intent" "may be averred generally and . . . a plaintiff may plead upon information and belief under Rule 9(b)," the pleadings must "allege sufficient underlying facts from which a court may reasonably infer that a party acted with the requisite state of mind." *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1311 (Fed. Cir. 2011) (internal quotation marks omitted).

Here, Plaintiff attempts to travel under the rebuttable presumption approved in *Pequignot* and *Clontech*, but Plaintiff has not alleged a false statement. The Complaint alleges that the patent notice in the product guides states that the grill is covered under "one or more" of the listed patents. There are more than 100 U.S. patents listed in each patent notice. Plaintiff alleges that approximately forty-seven of them are inapplicable but makes no allegation that the other patents do not actually or potentially apply to the grills. So, the Complaint does not allege that it is a false statement to say that "one or more" of the listed patents protects the grill in question.

The Court finds *Pequignot* to be instructive here. In *Pequignot*, the defendant's patent notice stated: "This product may be covered by one or more U.S. or foreign pending or issued patents. For details, contact [the defendant's website]." *Pequignot*, 608 F.3d at 1359. Some of the products so marked

6

were not covered by any patent, but others were. The court noted that "it is highly questionable whether such a statement could be made 'for the purpose of deceiving the public,' when the public would not reasonably be deceived into believing that the products were definitely covered by a patent." *Id.* at 1365. Likewise, here, the public would not reasonably be deceived into believing that the grills were definitely covered by all of the listed patents.[1] For these reasons, the Court concludes that the Complaint does not sufficiently allege intent to deceive.

## CONCLUSION

For the reasons set forth above, Defendants' renewed Motion to Dismiss (ECF No. 39) is granted.

IT IS SO ORDERED, this 19th day of August, 2011.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE

---

[1] The intent to deceive allegations would prove to be even more dubious at the summary judgment stage if Defendants' contention that they physically mark their grills with applicable patent numbers, in accordance with 35 U.S.C. § 287(a), proved to be true. However, the Court acknowledges that consideration of this argument at the motion to dismiss stage is not appropriate.